[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this foreclosure action plaintiff moves for the appointment of a receiver of rents, and defendant Mill River Meadows Condominium Association (hereinafter the Association) countermoves that if a receiver of rents is appointed, the receiver pay to the condo association its current common charges accruing during the pendency of this action.
The facts are as follows: the premises being foreclosed are five condominium units at Mill River Meadows. Four of the units are leased by the record owners to rent-paying tenants. The Association renders services to the subject condominium units in the form of maintenance, trash removal, and repairs, and incurs the expense of insurance. At least since this action was started on September 23, 1993, it has not received its common charges on these units.
Plaintiff seeks a receiver of rents on the ground unpaid taxes on the units exceed $19,000. Its motion for a receiver further asserts:
 The plaintiff anticipates a substantial deficiency in this matter, and therefore it will be to the benefit of all parties to maintain the premises in good repair, and to ensure that rents and profits accruing therefrom are properly collected. CT Page 1337
The court finds plaintiff has established the right to a rent receiver, and the only issue here presented is whether C.G.S. 47-258 (b), which grants to a condominium association a priority lien for common expense assessments accruing six months immediately preceding institution of a foreclosure, excludes the Association from collecting current assessment during the pendency of this action, and if not, whether upon equitable ground the Association is entitled to be paid such assessments by the receiver.
Section 47-258 (a) grants to condominium associations, a lien on a unit for unpaid common expense assessments, plus fees, late charges, and interest. Section 42-258 (b) gives that lien for common expense assessments priority over first or second mortgages on the unit to the extent of assessments due and owing during the six months preceding the institution of a foreclosure action by an association or the mortgagee.
The latter section deals only with the priority of the lien for common expense assessments for that six months period. It does not limit an association's right to be paid for common charges.
The Uniform Common Interest Ownership Act, the model for C.G.S. 47-258 (b) describes at Comment 1 to Section3-116 (b) the purpose of the expanded super priority:
 1. To ensure prompt and efficient enforcement of the association's lien for unpaid assessments, such liens should enjoy statutory priority over most other liens . . . . A significant departure from existing practice, the 6 months' priority for the assessment lien strikes an equitable balance between the need to enforce collection of unpaid assessments and the obvious necessity of protecting the priority of the security interests of lenders."
That no statutory policy precludes a condominium association from collecting assessments during the pendency of a foreclosure proceeding is revealed by 47-258 (k). That section provides that when an association brings an action to foreclose a lien for unpaid assessments, the CT Page 1338 court may appoint a receiver to collect the sums due from unit owners during pendency of the action and order the receiver to pay the association the assessment incurred during that period. Under that section, payment to the association is not limited to the six months priority lien period. Although that section is not applicable in the instant case, because the foreclosure proceeding is brought here by the bank, nevertheless, it indicates no statutory aversion to an association collecting assessments for as long as a case is pending.
Thus, this court concludes that Section 47-258 (b) is not a bar to the Association collecting more than six months common charges.
Turning then to the issue of whether or not, as a matter of equity, the receiver should pay the Association its common charges, this court finds substantial equitable reasons why he should.
A receiver acts as an officer of the court. His duty is to secure property subject to foreclosure from "waste or loss" (Hartford Federal Savings Loan Association v. Tucker, 196 Conn. 172, 175 (1985)), and "to preserve it pending judgment." Federal Deposit Insurance Corporation v. Main Street Properties, 2 Conn. L. Rptr, 175, 177 (1990).
Under our Common Interest Ownership Law, 47-243
et seq., condominium associations are responsible for maintenance, repair and replacements of the common elements of the facility (47-249a) and for providing property and liability insurance for those elements. (47-255) The association incurs expenses for the services as part of the upkeep of the premises. When a receiver is authorized to collect rents and has the duty to maintain the property during the pendency of the action, equity requires he pay from the rents a condominium association's monthly common expense assessments.
Although no Connecticut court has ruled on this point, a New York court has. In First New York Bank for Business v. 155 E 34 Realty Co., 601 N.Y.S. 2d 990 (1993) the issue was whether or not a rent receiver of a building containing garages for rent should pay a condominium association its CT Page 1339 common charges during pendency of a bank foreclosure proceeding. Under New York law, the lien of the association is subordinate to the bank mortgage. Nevertheless, the court, noting that the receiver was an officer of the court and not an agent of the owner or mortgagee, held:
 Since the purpose of a receivership is to preserve property and, by profitably operating an existing business, to provide a fund that can be applied to the reduction of the amount owing under the mortgage, in circumstances where a mortgagee bank, as here, chooses to apply for the appointment of a receiver, it should not be entitled to benefit therefrom unless all expenses in connection with the operation of the business under the receivership are paid for in full. One of the basic obligations of a business operating (with or without a receiver) in premises not owned by it is the payment of rent. Rent in a building owned as a condominium takes the form of common charges . . . . Hence, I conclude that a receiver of a business in a condominium unit, must upon request, pay the common charges assessed against the unit during the period of receivership.
In this case, the plaintiff bank has sought a rent receiver to preserve its interests in the units. Without the services of the defendant condominium association, the units would be untenantable and would realize no rental income. Equity requires that associations be paid their common expense assessments from rents collected by a receiver.
The court grants plaintiff's motion for the appointment of a receiver of rents and grants defendant Mill River Meadows Condominium Association's motion that the receiver pay the Association's current common expense assessments during the pendency of this action. The parties are further directed to appear before the court to suggest the name of a receiver and to present evidence of the monthly rents of the units so the court can fix the bond of the receiver.
Robert Satter State Referee CT Page 1340